**Maurice Truman AIKENS,
Petitioner–Appellant,**

v.

**Janet RENO, U.S. Atty General; Doris Meissner; Edward Mcelroy, N.Y. Ins Dist. Dir.; Lyne Underdowne, New Orleans INS District Director; Immigration and Naturalization Service, Respondents–Appellees.**

Docket No. 02–2534.

United States Court of Appeals,
Second Circuit.

Submitted: Jan. 31, 2003.

Decided: May 29, 2003.

Maurice Truman Aikens, pro se, Oakdale, Louisiana, for Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Assistant United States Attorney, Dione M. Enea, Special Assistant United States Attorney, of counsel), for Appellees.

Before: JACOBS, CALABRESI, SOTOMAYOR, Circuit Judges.

PER CURIAM.

Petitioner–Appellant Maurice Truman Aikens is currently in the midst of removal proceedings brought by the INS and is being detained pursuant to 8 U.S.C. § 1226(c) (requiring the detention, during the course of removal proceedings, of any alien whose removability is predicated on the alien's commission of an aggravated felony). The district court (Garaufis, *J.*), in the order from which Aikens appeals, declined to issue a writ of habeas corpus to Aikens vacating the removal order against him or, in the alternative, ordering the INS to afford him an individualized bail hearing. Aikens had argued that § 1226(c) was unconstitutional as applied to him, a lawful permanent resident.

Since the district court's order, the Board of Immigration Appeals has remanded Aikens' removal proceedings to an immigration judge. *See* Letter from Special Assistant United States Attorney Dione M. Enea, dated Apr. 4, 2003, at 1 ("Enea Letter"). It is, therefore, clear that Aikens' arguments concerning the validity of the removal order previously imposed by the immigration judge have not been administratively exhausted and may not, at the moment, be heard in a petition for habeas corpus. *See Beharry v. Ashcroft,* 329 F.3d 51, 63 (2d Cir.2003).

Aikens' claim that § 1226(c) is unconstitutional as applied to him, a lawful permanent resident, does not survive the Supreme Court's recent decision in *Demore v. Kim,* 538 U.S. ——, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).* The Court squarely addressed this argument in *Kim* and decided that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 1721–22. Because *Kim* held that the detention of "a criminal alien who has conceded that he is deportable, for the limited period of his removal proceedings," is constitutional, *id.*

---

* The government initially argued that Aikens was being detained pursuant to 8 U.S.C. § 1231, which governs the detention of aliens subject to final orders of removal, but in light of the BIA's remand, it now concedes that Aikens is being held pursuant to § 1226(c). *See* Enea Letter at 2.

at 1722, and Aikens has conceded deportability, we find no merit to his claim.

Because all of Aikens' claims are either without merit or unexhausted, we hereby VACATE the district court's denial of Aikens' supplemental petition for a writ of habeas corpus and REMAND with instructions to dismiss the petition. Also, since Aikens is no longer subject to a final order of removal, we hereby lift as moot the stay of removal issued by this Court on September 5, 2002.

